THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN (Bar No.157446)
Assistant United States Attorney

STUART D. GIBSON
Senior Litigation Counsel, Tax Division
United States Department of Justice
P.O. Box 403, Ben Franklin Station
Washington, DC  20044-0403
Telephone: (202) 307-6586
Facsimile:  (202) 307-2504

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>LEE, GODDARD, & DUFFY, LLP, and WILLIAM A. GODDARD,<br><br>Respondents. | Civil No. SACV-06-408 DOC (RNBx)<br><br>**MEMORANDUM IN OPPOSITION TO RESPONDENTS' MOTION FOR STAY PENDING APPEAL**<br><br>Hearing Date: March 10, 2008<br>Hearing time: 8:30 a.m.<br>Hearing Place: Courtroom 9D<br><br>Judge:         Hon. David O. Carter |

Petitioner the United States of America files the following memorandum in opposition to the respondents' motion for stay pending appeal from the Order entered November 20, 2007. In that Order the Court directed the respondents to produce additional documents responsive to two IRS summonses issued nearly three years ago, in connection with a tax shelter promoter penalty investigation of the respondents. For the reasons described below, and appearing of record in this case, the respondents have not proven the elements required to obtain a stay. Accordingly, the Court should deny the motion for a stay pending appeal.

## MEMORANDUM OF POINTS AND AUTHORITIES

## ISSUE FOR DECISION

Summons enforcement proceedings are intended to be summary in nature. Accordingly, once a court enforces a summons, a party seeking to stay compliance pending appeal must make a strong showing that, (a) he is likely to succeed on the merits of the appeal; (b) unless a stay is granted he will suffer irreparable injury; (c) no substantial harm will come to other interested parties; and (d) a stay would do no harm to the public interest.[1] In the Ninth Circuit, a decision enforcing an IRS summons is reviewed for clear error.[2] Where the only evidence in the record supports the trial court's decision, that decision follows well-established law, and the other factors weigh against a stay, are the respondents entitled to a stay pending appeal?

## FACTUAL BACKGROUND

Because this case has been pending for so long, the petitioner takes this opportunity to reacquaint the Court with the salient facts. Since at least 2005, the IRS has been investigating the respondents to determine whether either or both of them is liable for tax shelter promoter penalties under 26 U.S.C. §§ 6111 and 6112. In June 2005 – nearly three years ago – the IRS issued summonses to the respondents, seeking documents that bear on their possible liability for those penalties. When the respondents refused to comply with the summonses, the United States filed suit in this Court, seeking an order to compel them to produce responsive documents.

On June 30, 2006, following a hearing, the Court entered an order granting the petition, and directing the respondents to produce all responsive documents within 30 days. Six months later – into February 2007 – the respondents were still producing responsive documents under the June 30, 2006 Order. By then, however, it had become apparent to the IRS that the respondents had declined to produce documents concerning approximately 20 clients who had participated in tax shelter transactions that the respondents had helped facilitate in some manner. When the IRS

---

[1] U.S. v. Manchel, Lundy & Lessin, 477 F.Supp. 326, 334-335 (E.D. Pa. 1979); Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983).

[2] Ponsford v. U.S., 771 F.2d 1305, 1307 (9th Cir., 1985).

demanded that they produce these documents, the respondents refused, arguing that they were not responsive to the summonses, and therefore fell outside the June 30, 2006 Order.

The parties submitted this dispute to the Court in extensive filings during the spring and summer of 2007.[3] Following a hearing, the Court entered an order on November 20, 2007 resolving the dispute in the petitioner's favor. In that Order, the Court rejected the respondents' arguments, ruled that the disputed documents were, in fact, responsive to the summonses, and ordered the respondents to produce all the documents relating to the 20 additional clients. Rather than produce the documents, the respondents stalled for another two months and then filed a notice of appeal. Now the respondents seek to delay production even longer, by asking the Court to further delay compliance until their appeal can be heard and decided. The Court should not tolerate any further delay, or abide the respondents' continuing refusal to comply with its orders.

## ARGUMENT

### THE RESPONDENTS HAVE NOT MADE THE REQUIRED SHOWING FOR A STAY PENDING APPEAL

Courts do not often face whether to stay the enforcement of an IRS summons pending appeal. The case law is therefore old and well-established. As Judge Friendly wrote for the Second Circuit nearly 40 years ago:

> A stay pending appeal from the denial of a motion to vacate or modify a summons under Section 7602(2) should not be granted as a matter of course, **but only when there is a substantial possibility of success**, and then on terms designed to expedite the appeal and, as necessary and appropriate, to protect against the running of the statute of limitations.[4]

In this context, courts require the party seeking a stay of an order enforcing a summons to meet a 4-part test:

> (a) the applicant (for the stay must) make a strong showing that he is likely to succeed on the merits of the appeal; (b) the applicant

---

[3] The respondents' filings consisted entirely of unsworn briefs and arguments. The petitioner, in contrast, relied upon the sworn declaration of the IRS revenue agent, as well as upon arguments made in briefs.

[4] In re Turner, 309 F.2d 69, 72 (2d Cir. 1962) (emphasis added). The legal standard for staying enforcement of an IRS administrative summons pending appeal is the same as for staying enforcement of an equitable order generally. Cf., Hilton v. Braunskill, 481 U.S. 770 (1987).

Memorandum in Opposition to Motion for Stay Pending Appeal, p.3

>(must) establish that unless a stay is granted he will suffer irreparable injury; (c) no substantial harm will come to other interested parties, and (d) a stay would do no harm to the public interest.[5]

A judge in the District of Columbia recently applied an even stricter test in denying a stay of her order enforcing an IRS summons, noting that a stay, "is an 'extraordinary remedy' and the moving party must satisfy 'stringent standard[s]' to justify a stay pending appeal."[6] The respondents have not met any prong of either test.

A.   Respondents Are Not Likely to Succeed on the Merits of the Appeal.

In assessing whether the respondents can prove that they will likely succeed on the merits of an appeal, the Court should bear in mind the standard that the Ninth Circuit applies to decide an appeal from an order enforcing an IRS summons. Long ago, the Ninth Circuit held,

>. . . a district court's decision to enforce IRS summonses will not be disturbed unless the district court's finding that the summonses were issued for a proper purpose was clearly erroneous, or the district court applied an incorrect legal standard in reaching its conclusion.[7]

Since then, the court of appeals has refined its approach to reviewing orders enforcing IRS summonses. When the review involves primarily a question of fact, the Ninth Circuit applies a "clearly erroneous" standard of review. When deciding an issue of law, the court applies a *de novo* review.[8]

Here the respondents have appealed from an order in which this Court determined, as a matter of fact, that the transactions about which the IRS seeks documents constitute "tax shelter transactions" as defined in the summonses. This determination focused on a factual issue, not an

---

[5] U.S. v. Manchel, Lundy & Lessin, supra, quoting, Bauer v. McLaren, 332 F.Supp. 723, 729 (S.D. Iowa 1971). Followed in, U.S. v. City Bank, 527 F.Supp. 523, 527 (N.D. Ohio 1981).

[6] U.S. v. Judicial Watch, Inc., 241 F.Supp.2d 15, 16 (D.D.C. 2003), citing, Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group, 230 F.Supp.2d 12, 14 (D.D.C. 2002).

[7] Ponsford, supra at 1307. Citing, U.S. v. Stuckey, 646 F.2d 1369, 1373 (9th Cir. 1981), cert. denied, 455 U.S. 942 (1982).

[8] Id.

issue of law. And the Court reached its decision on the basis of the evidence in the record.[9] Because the Court's decision focused on an issue of fact, the Ninth Circuit should review that decision under a "clearly erroneous" standard.

By its very nature, the "clearly erroneous" standard of review precludes a finding here that the respondents are likely to prevail on appeal. If anything, this standard of review virtually mandates the opposite finding – that the respondents are **unlikely** to prevail on appeal. The respondents' claim that they "have strong arguments to raise on appeal" is, quite simply, beside the point. They raised their arguments in this Court, and this Court rejected them. Given the standard for review – combined with the slight burden which the United States faces to secure an order enforcing an administrative summons – the self-proclaimed "strength" of the respondents' arguments on appeal means nothing in the context of this motion.[10]

B. The Respondents Will **Not** Suffer Irreparable Harm.[11]

The respondents claim that they will suffer irreparable harm because to comply with these summonses will interfere with their clients' right to consult with their attorneys. But they have

---

[9] The respondents offered no evidence to support their contention that the transactions at issue were not "tax shelter transactions" as defined in the summonses. The respondents simply argued that a transaction structured like the transactions described in IRS Notice 2000-44, but designed to generate an artificial boost in the basis of an asset – rather than a "paper" loss for tax purposes – was not a tax shelter described in Notice 2000-44 (or as defined in the summonses). In its November 20, 2007 Order this Court rejected that position. Two other courts have rejected that position as well. Salman Ranch Ltd. v. U.S., 79 Fed.Cl. 189, 192, n. 5 (2007); Kligfeld Holdings v. Comm'r, 128 T.C. 192, 194 (2007). Thus there is ample authority to support the Court's November 20, 2007 finding that these documents responsive to the summonses. And the respondents have not cited any decision in which a court agreed with their position on this issue.

[10] Much of the respondents' brief on this motion consists of strident rhetoric attacking the IRS for doggedly pursuing those persons and firms in the legal and accounting professions who have developed, promoted, and implemented abusive tax shelters. The courts and the Congress have made it quite clear that these promoters cannot prevent the IRS from learning their activities by hiding behind the façade of privilege. U.S. v. BDO Seidman, 337 F.3d 802 (7th Cir. 2003); U.S. v. KPMG LLP, 316 F.Supp.2d 30 (D.D.C. 2004); 26 U.S.C. §7525(b). Just as the international accounting firms BDO Seidman and KPMG LLP could not prevent the IRS from obtaining documents concerning their tax shelter clients – including documents reflecting communications with their tax shelter clients – these respondents cannot hide behind privileges to prevent the IRS from determining their liability for tax shelter promoter penalties.

[11] Although the respondents have not raised the argument, the Court should note that the Supreme Court has held that complying with an order enforcing an IRS summons does **not** render moot an appeal from that order. Church of Scientology of CA, v. U.S., 506 U.S. 9 (1992).

Memorandum in Opposition to Motion for Stay Pending Appeal, p.5

not offered any evidence to support their claim that the clients whose information the Court has ordered them to disclose to the IRS are still clients, or that those persons lack other means to pursue whatever rights may be implicated by the November 20, 2007 Order. Indeed, none of the clients whose records are the subject of the Court's order – clients who must have known about the Order for at least three months – have sought to intervene or assert their rights to protect the IRS from obtaining these responsive documents.[12] And nowhere have the respondents attempted to articulate what irreparable harm **they – the respondents –** would suffer if they complied with the Court's Order.[13] The respondents will not suffer any harm, let alone irreparable harm, if they comply with the November 20, 2007 Order.

    C.    The Interests of the United States Weigh Against a Stay.

For nearly 3 years, the IRS has sought to obtain these documents from the respondents, so that it could determine whether to assert penalties against the respondents under 26 U.S.C. §§ 6111 and 6112. The respondents argue that more delay – perhaps as long as two years – could not harm the IRS. But the respondents do not account for the possibility that during that time, witnesses may die, leave the country or otherwise become unavailable for interview, memories will fade, and documents that may once have existed may no longer exist. Given that delay will always work against the interests of the United States in promptly completing an ongoing tax investigation, delay clearly weighs against a stay here.

---

[12]Nowhere in their memorandum do the respondents explain how allowing the IRS to learn about and contact clients who claimed substantial tax benefits on their filed income tax returns will invade their privacy. Indeed, the Supreme Court has already rejected the notion that concerns of privacy outweigh the IRS's right to obtain information under §7602: "The purpose of [§ 7602] is not to accuse, but to inquire. Although such investigations unquestionably involve some invasion of privacy, they are essential to our self-reporting system, and the alternatives could well involve far less agreeable invasions of house, business, and records." U.S. v. Bisceglia, 420 U.S. 141, 146 (1975). Simply put, the clients who claimed substantial benefits on their tax returns from participating in abusive tax shelter transactions have no privacy interests in preventing the IRS from learning more about those transactions, in the context of investigating whether the lawyers who designed and implemented these tax shelters are liable for penalties.

[13]Indeed, respondent William A. Goddard, IV, left the country since the IRS first began this investigation. He has lived in Portugal since approximately October 2005. Not only has his law firm, "ceased the active practice of law," (Response to Petition, p. 2, lines 22-23), there is no evidence whatsoever in this record that he is even still licensed to practice law. Simply put, the respondents have not established that they have **any** ongoing attorney-client relationship with any client whose records are the subject of the November 20, 2007 Order.

D.     The Public Interest Weighs Against a Stay.

The respondents argue that the public interest is advanced by staying enforcement of these summonses pending appeal.[14] But the courts that have addressed the issue of public interest have concluded to the contrary, holding that the public has a strong interest in having the IRS promptly complete tax investigations. Judge Krupansky's observation in one such case rings especially true here, "Last, a stay would be contrary to public interest, which necessitates expedient resolution of tax litigation: intervenors have already successfully frustrated the impending IRS investigation for over two years."[15] If the public interest is frustrated by delaying an investigation for two years, how much more harm does the public interest suffer by allowing an alleged tax shelter promoter to stall an IRS investigation into his conduct for three, and perhaps more, while he leaves the country?

## CONCLUSION

The respondents are not likely to prevail on appeal. They will not suffer irreparable harm if they comply with the Court's November 20, 2007 Order. The United States and the public interest will suffer harm if the respondents continue to withhold documents that the Court has ordered them to produce. Accordingly, the Court should deny the motion to stay compliance with its November 20, 2007 Order pending appeal.

DATED: February 25, 2008            UNITED STATES ATTORNEY
                                    THOMAS P. O'BRIEN, Esq.


                              By    /s/ Stuart D. Gibson
                                    Stuart D. Gibson
                                    Attorney for Petitioner

---

[14]The respondents argue that the enforcement order improperly interferes with an alleged, "Constitutional right to freely consult with legal counsel, unaffected by government action." (Brief, p. 7). Oddly, they cite no precedent for such a right. Indeed, there is no unfettered right to speak with an attorney to engage in a plan to frustrate the tax laws by participating in an abusive tax shelter. And the Sixth Amendment right to counsel simply protects the rights of persons already accused of a crime. There is no evidence that the respondents' clients have been charged with crimes.

[15]U.S. v. City Bank, 527 F.Supp. 523, 526 (N.D. Ohio 1981).

**PROOF OF SERVICE BY MAILING**

I am over the age of 18 and not a party to the within action. I am employed by the Office of the United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7211, Los Angeles, California 90012.

On **February 25, 2008**, I served

**MEMORANDUM IN OPPOSITION TO RESPONDENTS' MOTION FOR STAY PENDING APPEAL**

on each person or entity name below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. Date of mailing: **February 25, 2008**

Place of mailing: Los Angeles, California

**See attached list**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on: **February 25, 2008**, Los Angeles, California.

                /s/
            **Barbara Le**

RE: UNITED STATES OF AMERICA v. LEE, GODDARD, & DUFFY, LLP, and WILLIAM A. GODDARD,

CASE NO.: SA CV 06-408 DOC (RNBx)

## Service List

PAUL S. HAM, ESQ.
Tax Division
U.S. Department of Justice
P.O. Box 403
Ben Franklin Station
Washington, D.C. 20044